**Cathy L. COOK, Plaintiff-Appellant,**

**v.**

**Robert C. COOK, Defendant-Appellee.**

**No. 86–2041.**

United States Court of Appeals, Fifth Circuit.

June 16, 1986.

Lloyd L. Oubre, San Antonio, Tex., for plaintiff-appellant.

Thomas A. Clarke, San Antonio, Tex., for defendant-appellee.

Before CLARK, Chief Judge, GOLDBERG and GARWOOD, Circuit Judges.

PER CURIAM:

The claim in this case was based on a claimed conflict between state court jurisdictions. At the time the action was filed, both Texas and California courts had rendered custody decrees involving the minor children of the parties. This conflict was recently resolved by the Texas Supreme Court when it dismissed an application for writ or error from the intermediate appellate ruling of the Fourth District Court of Appeals that the Texas courts lacked jurisdiction under the Parental Kidnapping Prevention Act of 1980, 28 U.S.C.A. § 1738A because Texas was not the "home state" of the children on the date of Cathy Cook's amended divorce petition. The Texas ap-

pellate court further found that the California courts did have jurisdiction over this matter because California was the home state of the children "within six months before the date of the commencement of the proceedings" and Robert Cook "continues to live in such state." 28 U.S.C. § 1738A(C)(2)(A)(ii). As a result, the Texas court ruled the California custody determination was entitled to full faith and credit under the Parental Kidnapping Prevention Act. As a result of this Texas determination, the case before us is now moot.

Robert Cook requests attorney's fees on the ground that the appeal was frivolous even though he concedes he knew that the Texas Supreme Court had dismissed the writ on April 2, 1986. Robert Cook says he did not inform this Court of this fact in order to "avoid rocking the boat." We decline his request.

The district court is directed to vacate its order so it will spawn no consequences. The appeal is DISMISSED.